Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4964**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY GILLIAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Chief District Judge. (CR-03-70)

---

Submitted: May 27, 2004          Decided: June 2, 2004

---

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bobby Gillian pleaded guilty to possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). The district court sentenced Gillian to 188 months' imprisonment, to be followed by a three-year term of supervised release.

Gillian's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising two potential issues: (1) whether the district court clearly erred in awarding Gillian one criminal history point for a 1990 conviction and (2) whether the district court erred in enhancing Gillian's sentence pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2002) for possessing a firearm during the commission of the drug offense. Although advised of his right to do so, Gillian has not filed a pro se supplemental brief.

We have reviewed the record and conclude that the district court did not clearly err in awarding one criminal history point for Gillian's 1990 conviction. USSG § 4A1.2(e)(2) instructs that all sentences imposed within ten years of the commencement of the instant offense are to be counted in a defendant's criminal history. As counsel concedes, the Commentary to this section states that relevant conduct is to be included in the determination

of the "commencement of the offense." USSG 4A1.2, Cmt. n.8. Because Gillian admitted to selling drugs beginning in 1999, if not earlier, the district court did not clearly err in counting the 1990 offense in Gillian's criminal history.

We also conclude that the district court did not err in enhancing Gillian's sentence for possession of a firearm during the commission of the offense. The gun was found in Gillian's bedroom closet, along with the drugs, drug paraphernalia and a large amount of cash, which Gillian admitted was from drug sales. Unless the connection between the gun and the offense is clearly improbable, the court must apply the two-level enhancement. See USSG § 2D1.1(b)(1), Cmt. n.3. Here, we find that the district court correctly applied the enhancement.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Gillian's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED