**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4964**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY GILLIAN,

Defendant - Appellant.

─────────────

On Remand from the United States Supreme Court.
(S. Ct. No. 04-6186)

─────────────

Submitted:  October 7, 2005      Decided:  December 14, 2005

─────────────

Before WIDENER, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, David R. Bungard,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant.  Kasey Warner, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bobby Gillian pled guilty to one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000).  He was sentenced to 188 months in prison for the drug charge and 120 months in prison for the firearm charge, to be served concurrently.  We affirmed his conviction and sentence.  See United States v. Gillian, No. 03-4964, 99 Fed. App. 477 (4th Cir. June 2, 2004) (unpublished).  The Supreme Court granted Gillian's petition for writ of certiorari, vacated this court's judgment, and remanded for further proceedings in light of United States v. Booker, 125 S. Ct. 738 (2005).

Gillian's sentence was imposed prior to the decisions in Booker and Blakely v. Washington, 542 U.S. 296 (2004).  Gillian did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by Gillian or found by a jury beyond a reasonable doubt.  Therefore, we review his sentence for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Consequently, Gillian must show:  (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error calls into question the fairness,

integrity, or public reputation of judicial proceedings.  See United States v. Olano, 507 U.S. 725, 732 (1993).  If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736 (citation omitted).

We conclude that the district court erred because the drug quantity attributed to Gillian at sentencing was based on certain facts found by the court rather than admitted by Gillian.[*]  Hughes, 401 F.3d at 546-47.  That error was plain because Booker abrogated the previous law of this circuit.  Id. at 547-48.  To affect Gillian's substantial rights, however, the sentence imposed must have been longer than what could have been imposed based on the guilty plea.  Id. at 548.

Gillian's guilty plea, without any specification as to the drug quantity, subjected Gillian to an offense level of thirty-two pursuant to his status as a career offender.  See USSG § 4B1.1(b)(C).  Based on a total offense level of thirty-two and a criminal history category of VI, Gillian's unenhanced sentencing guidelines range was 210 to 262 months' imprisonment.  See USSG,

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Gillian's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

Sentencing Table; see also United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (requiring that in determining the correct guideline range, the offense level to be used is the base level determined by admitted conduct or facts found by the jury "before adjusting that range for acceptance of responsibility").  Because Gillian's 188-month sentence does not exceed the maximum of this range, there was no Sixth Amendment violation.  See Evans, 416 F.3d at 300-01 (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation).

Accordingly, we affirm Gillian's sentence after our reconsideration in light of Booker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED